IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VENTURA GARCIA, | : | Civil No. 1:22-CV-00406 |
| Petitioner, | : | |
| v. | : | |
| WARDEN JAMISON, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Petitioner Ventura Garcia's ("Petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner is seeking compassionate release from the Bureau of Prisons ("BOP") under the First Step Act ("FSA") based on his poor health and the Covid-19 pandemic.  (Doc. 1.)  For the reasons set forth below, the court will dismiss the habeas petition for lack of jurisdiction.

### PROCEDURAL HISTORY

Petitioner is serving a 360-month sentence for conspiracy to distribute a controlled substance.  *See U.S.A. v. Branch, et al.*, No. 1:01-cr-00052-MR-WCM-7 (W.D. N.C.).  He is currently housed at the Federal Correctional Institute Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania.  Petitioner initiated this action by filing a § 2241 petition in Mach of 2022.  (Doc. 1.)  The court entered a show cause order on April 11, 2022.  (Doc. 5.)  Respondent filed a

response on May 20, 2022.  (Doc. 9.)  Petitioner did not file a traverse.  The petition is now ripe to be addressed by the court.

## DISCUSSION

Petitioner asks the court to reduce his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act of 2018, due to his concerns of failing health and continued exposure to COVID-19.  "The First Step Act empowers criminal defendants to request compassionate release for 'extraordinary and compelling reasons.'"  *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).  Both the Petitioner and the BOP can move for compassionate release under Section 3582(c)(1)(A).  But before doing so, a Petitioner must fully exhaust all available administrative remedies offered by the BOP.  *See Raia*, 954 F.3d at 597 (failure to satisfy Section 3582(c)(1)(A)'s exhaustion requirements "presents a glaring roadblock foreclosing compassionate release").  Additionally, and of most importance in this case, is that motions for compassionate release must "be addressed to the sentencing court."  *Id.* at 596.  Here, Petitioner was sentenced in the Western District of North Carolina and not in the Middle District of Pennsylvania.  As such, this court does not have jurisdiction to grant the relief Petitioner requests.

While Petitioner does not directly raise an Eighth Amendment claim, he does imply that, because of Covid-19, the conditions of his confinement are

unconstitutional. (Doc. 1, pp. 6–7.)[1] A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Conditions of confinement are challenged through 42 U.S.C. § 1983 claim:

> [W]henever the challenge ultimately attacks the 'core of habeas'–the validity of the continued conviction or the fact or length of a sentence –a challenge, however denominated and regardless of the relief sought, must be brought by way of habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

*Leamer*, 288 F.3d at 542. As such, Petitioner fails to state a cognizable habeas claim based on the BOP's alleged violation of his Eighth Amendment rights.

## CONCLUSION

Based on the foregoing, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed without prejudice as the court lacks subject matter jurisdiction.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: July 31, 2023

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.